

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,210-06

## EX PARTE LARRY B. JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-00662-H IN THE CRIMINAL DISTRICT COURT NO. 1
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to sexual assault of a child and was sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Johnson v. State*, No. 05-09-01033-CR (Tex. App. — Dallas, May 26, 2010) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

assistance, that the State presented false evidence at trial, and that he was denied his right to petition this Court for discretionary review. The record reflects that the trial court signed an order designating some, but not all of these issues for further resolution on October 8, 2018, appointing a writ master to resolve those issues. The writ master appointed by the trial court was also Applicant's appellate attorney. The habeas record was properly forwarded to this Court when 180 days had passed since the State received service of the habeas application, but contains no affidavits or findings of fact addressing Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims.

Specifically, trial counsel shall state whether the State filed notice of intent to enhance Applicant's punishment in this case using Applicant's prior convictions from a military court. Trial counsel shall state whether Applicant advised counsel that the parts of those convictions pertaining to indecent acts with another and assault consummated by battery were set aside on appeal. Trial counsel shall state whether the surviving part of those convictions involving failure to obey a lawful order and making a false official statement were felony offenses available to enhance punishment in this case. Trial counsel shall state whether the State extended any plea offers in this case, and if so, whether counsel communicated any such offers to Applicant. Trial counsel shall state what advice, if any, he gave to Applicant as to whether he should plead guilty or take the case to trial. Trial counsel shall state whether he advised Applicant that he had a good rapport with the trial court

judge and could get Applicant probation if he pleaded guilty.

Trial counsel shall state whether he considered filing a motion to suppress evidence on the basis on of an illegal arrest, search and seizure, and if he did consider filing such a motion but elected not to, why not.

Trial counsel shall state whether, when the State cross-examined Applicant regarding the prior military convictions for indecent acts and/or assault, the prosecutor also introduced the judgment(s) from those prior convictions. Trial counsel shall state whether he objected, or sought to introduce the fact that those convictions had been set aside on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

Appellate counsel shall state whether she was aware that Applicant had been transferred back to TDCJ after she sent the notice regarding the court of appeals' opinion via certified mail to the county jail. Appellate counsel shall state when she received the notice back undelivered, and when she re-sent the notice to Applicant at TDCJ. Appellate counsel shall state whether she re-sent the notice via certified mail, and if not, why not.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Because Applicant's conviction in this case was final in 2010, but he did not file this application until approximately nine years later, there is a possibility that Applicant's claims may be precluded by laches. However, because the record is silent on the circumstances that may excuse this substantial delay, we reserve judgment as to whether laches bars Applicant's request for relief

until he is given an opportunity to explain his delayed application. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court shall provide Applicant with the opportunity to explain his delay in seeking habeas relief, and thereafter the trial court shall make findings of fact and conclusions of law as to whether Applicant's claims should be barred by laches.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether the State introduced evidence with regard to Applicant's prior military convictions that was false, and if so, whether that evidence was material to Applicant's punishment. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 10, 2019
Do not publish